UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KENISHA MOORE,

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, OFFICER MOODY, not known by full name to Plaintiff, but known to Defendants, in his official and individual capacity, and OFFICERS "JOHN and JANE DOES 1-10", not known by full name to Plaintiff, but known to Defendant, in their official and individual capacities,

Defendants.

DOCKET NO.:

**COMPLAINT**

***JURY TRIAL IS DEMANDED***

**PLAINTIFF KENISHA MOORE**, by and through his attorneys, The Law Offices of Frederick K. Brewington, as and for his Complaint as of right against the Defendants, respectfully sets forth:

## PRELIMINARY STATEMENT

1. This is an action for money damages, against COUNTY OF NASSAU (hereinafter "COUNTY"), NASSAU COUNTY SHERIFF'S DEPARTMENT (hereinafter "NCSD"), OFFICER MOODY in his individual and official capacity, and OFFICERS "JOHN and JANE DOES 1-10", in their individual and official capacities, for committing acts under color of law, depriving Plaintiff of rights secured by the Constitution and laws of the United States and State of New York, including but not limited to assault, negligence, breach of Duty, police misconduct, psychological injuries, physical and emotional injuries, severe physical and personal injuries including permanent physical injuries, conscious pain and suffering, intentional infliction of emotional distress, negligent infliction of emotional distress and economic losses, all caused by the negligent, careless and reckless actions and inactions of the COUNTY OF NASSAU and the NASSAU COUNTY SHERIFF'S

DEPARTMENT, their agents, employees, servants and assigns, in their failure to operate a Prisoner Transport Vehicle in a safe and reasonable manner according to the standards set by the New York State Department of Corrections and a reasonable officer standard, while transporting persons in their physical custody when on a public roadway, and due to the negligent hiring, training and supervision, by the COUNTY OF NASSAU and the NASSAU COUNTY SHERIFF'S DEPARTMENT, their agents, employees, servants and assigns, in violation of 42 U.S.C. §1983 and related state laws as stated herein.

Upon information and belief, Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, OFFICER MOODY in his official and individual capacity, and OFFICERS "JOHN and JANE DOES 1-10", in their official and individual capacities acted in negligently and intentionally in subjecting Plaintiff KENISHA MOORE to unreasonable conditions of confinement by purposefully failing to provide the proper safeguards to ensure Plaintiff's safety and security during transport and then failing to provide Plaintiff with medical assistance when she was injured . In doing so, Defendants caused Plaintiff KENISHA MOORE severe physical and personal injuries, including but not limited to permanent physical injuries, conscious pain and suffering, emotional distress and economic injuries.

2. Upon information and belief, Plaintiff KENISHA MOORE was severely injured due to the failure of OFFICERS "JOHN and JANE DOES 1-10" to operate the Prisoner Transport Vehicle in a safe and reasonable manner according to standards set by the New York State Department of Corrections and a reasonable Officer Standard, in the transport of Pre-trial Detainees in their physical custody, when on a public roadway, and due to the negligent hiring, training and supervision, by the COUNTY OF NASSAU and the NASSAU COUNTY SHERIFF'S

DEPARTMENT, their agents, employees, servants and assigns.

3. Upon information and belief, each of the Defendants had full control of their actions and inactions, and were charged with the responsibility of ensuring the safety of Plaintiff KENISHA MOORE while she was in their custody as a Pre-trial Detainee, and while operating the Prisoner Transport Vehicle while on the roadways on August 25, 2017.

4. Upon information and belief, OFFICER MOODY in his individual and official capacity, was operating the second Prisoner Transport Vehicle in which Plaintiff KENISHA MOORE was further injured.

5. Upon information and belief, COUNTY OF NASSAU and the NASSAU COUNTY SHERIFF'S DEPARTMENT'S affirmative actions, failures and omissions, and the actions, failures and omissions of their agents, employees, servants and assigns, including their failure to properly act and failure to follow certain laws, policies, procedures, directives, orders, and/or regulations, Plaintiff KENISHA MOORE was severely injured and made to suffer in pain for an extended period of time without medical assistance while in the custody of the COUNTY of NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT, as a Pre-trial Detainee.

6. Upon information and belief, Plaintiff sustained severe bodily damage and injuries including but not limited to a fractured wrist, injury to her knees and physical pain which required surgery. Plaintiff has suffered extreme mental and emotional harm, stress and distress and physical consequences thereof, shock, fright, sorrow, mental anguish, injury to feelings, pain and suffering, as well as expenses incurred, including but not limited to medical costs, pecuniary injuries, and other injuries not yet fully ascertained.

## JURISDICTION

7. This action is brought pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

8. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to hear and decide any and all claims arising under state law.

## VENUE

9. Venue herein is proper under 28 U.S.C. §1391 (b); the cause of action arose in the Eastern District of New York.

10. That all conditions precedent to instituting the lawsuit have been complied with in a timely manner including but not limited to the filing of a notice of claim on November 22, 2017.

## PARTIES

11. During all times relevant to this Complaint, the PLAINTIFF KENISHA MOORE was, and still is, a citizen of the United States, residing in the County of Nassau, State of New York.

12. During all times relevant to this Complaint, the Defendant COUNTY OF NASSAU (hereinafter "COUNTY") is a duly constituted municipal corporation duly organized and existing under and by virtue of the laws of New York State. Upon information and belief, the COUNTY has direct authority over several different departments including the NASSAU COUNTY SHERIFF'S DEPARTMENT (hereinafter "NCSD"). The aforementioned departments and/or the employees , agents, or representatives of said department is directly involved in violations that are at issue in this complaint.

13. At all times relevant, the Defendant NASSAU COUNTY SHERIFF'S DEPARTMENT is an agency of the COUNTY.

14. Upon information and belief, during all times relevant to this Complaint, Defendant OFFICER MOODY was and is a citizen and resident of the State of New York; at all times herein mentioned was an employee, Officer, and/or Sheriff in his individual and official capacity of the NASSAU COUNTY SHERIFF'S DEPARTMENT and employed by the COUNTY, under the direction of NCSD and COUNTY, and was acting in furtherance of the scope of his employment, acting under the color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY, acting in his individual and official capacity.

15. Upon information and belief, during all times relevant to this Complaint, Defendant OFFICERS "JOHN and/or JANE DOES 1-10", were at all times citizens and residents of the State of New York; at all times herein mentioned employees, Officers and/or Sheriffs, in their individual and official capacities; were and are citizens and residents of the State of New York; and at all times herein mentioned were Officers and/or employees, employed by the COUNTY, under the direction of the NCSD and COUNTY and was acting in furtherance of the scope of their employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY, and acting in their individual and official capacity. The NCSD and COUNTY are herein intended to be one sueable entity and any reference to NCSD is a reference to the sueable entity which is NASSAU COUNTY.

16. During all times relevant to this Complaint, the Defendants, and each of them, were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the COUNTY.

17. During all times relevant to this Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

18. During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants and thereby became a party to unlawfully subjecting the Plaintiff to harm and denial of basic rights.

## NOTICE OF CLAIM

19. All conditions precedent to instituting the lawsuit have been complied with in a timely manner, including, but not limited to the filing of a notice of claim on November 22, 2017 which is the 89th day following the August 25, 2017 incident which compels this Complaint.

20. General Municipal Law requires that "[t]he Notice of Claim must be served on the municipal government agency, by personal delivery, or registered or certified mail. The service must be made upon a person designated by law to receive summonses in Supreme Court actions or an attorney regularly engaged in representing such public corporations." The County Executive was served with the Notice of Claim on November 22, 2017. They then properly handed the Notice of Claim to the County Attorney on December 1, 2017, thus the essential purpose of serving a notice of claim was fulfilled and it occurred in a reasonable time. Hence, there was sufficient time and notice for the COUNTY to investigate the claims and to make any rebuttals as they saw fit.

21. Service upon the County Executive who then later served the County Attorney is sufficient to establish that COUNTY was put on notice about the claim. Not only were the essential facts of the claim made discoverable to the COUNTY, but the underpinning legal theory was as well. It is important to emphasize that the fact that the County Attorney received the Notice of Claim on December 1, 2017, and rejected it, is by admission, acknowledgment of notice and thus Defendants were not prejudiced in the process.

22. Plaintiff received the COUNTY'S rejection letter on December 8, 2017. Upon receipt thereof, correspondence was sent to Ms. Lisa LoCurto, Chief Deputy County Attorney, on December 21, 2018 with a copy of the original Notice of Claim and the USPS Certified Return Receipt attached. On July 22, 2018, Plaintiff received the USPS Certified Return Receipt from Ms. LoCurto and the NASSAU COUNTY ATTORNEY, further acknowledging receipt of said Notice of Claim.

23. Service was also made upon the NASSAU COUNTY SHERIFF'S DEPARTMENT on November 22, 2017 at the designated address to receive service.

**JURISDICTION AND VENUE**

24. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes pendent jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide any and all claims arising under State law.

25. Prior hereto and within the proper time allotted, Plaintiffs filed a Notice of Claim in compliance with General Municipal Law §50 et. seq. and CPLR §215 on November 22, 2017 as against each municipal Defendant. More than 30 days have elapsed and Defendants have failed and refused to pay or adjust same. Plaintiff has complied with his obligations under the General Municipal Law.

26. Venue for this action is the Eastern District of New York based on where the actions complained of herein occurred.

## PARTIES

27. During all times mentioned in this complaint, plaintiff, Kenisha Moore, is a 40 year old African-American, black, female, born on August 25, 1977, currently residing in 104 Grove St., Hempstead, and has resided there at the time of the incident herein.

28. During all times mentioned in this Complaint, Defendant COUNTY OF NASSAU is a duly constituted municipal corporation of the State of New York, and is/was the employer of the NASSAU COUNTY SHERIFF'S DEPARTMENT and the Department's Police Officers.

29. During all times mentioned in this complaint, Defendant NASSAU COUNTY SHERIFF'S DEPARTMENT is/was an agency of the County

30. During all times mentioned in this complaint, OFFICER MOODY in his official and individual capacity, is not known by full name to Plaintiff, but is known to Defendants, Officer Moody is a male, and was a Correctional Officer on August 25, 2017 employed by County and Sheriff's Department.

31. During all times mentioned in this complaint, Defendants Police Officers JOHN/JANE DOE(S) 1-10, all of whose names are known to the County and Sheriff's Department, were police officers in the Sheriff's Department acting in their official and individual capacities and were employed by the County acting under the direction of defendants County and Sheriff's Department, and are sued herein individually and in their official capacities.

32. During all times mentioned in this complaint, the defendants were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the County of Nassau.

33. During all times mentioned in this complaint the defendants and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, malicious, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

34. Each of the defendants at all times relevant to this action had the power and the duty to restrain the other Defendants and intervene and prevent them from violating the law and the rights of the Plaintiff but each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants and thereby became a party to the unnecessary subjection of harm and denial of basic rights of the plaintiff.

## STATEMENT OF FACTS

35. On or about August 25, 2017, Plaintiff KENISHA MOORE (hereinafter "Plaintiff") appeared at Nassau County District Court, 99 Main Street, Hempstead, NY 11550, on a Desk Appearance Ticket for charges of Petit Larceny pursuant to CPL § 155.25.

36. At some point, Plaintiff was arraigned and bail was set in an amount of five-hundred ($500) dollars by Judge Goodsell.

37. Following the normal procedure of Nassau County Police Department, Plaintiff was taken into custody and placed into a Prisoner Transport Van, by correctional officers, to be transported to the Nassau County Correctional Center in East Meadow.

38. As the vehicle was leaving the Nassau County District Court garage, it forcefully "rammed" the gate of the garage tossing Ms. Moore viciously against the side of the vehicle she was sitting near.

39. Plaintiff was hurt, but was not administered any medical attention and despite her requests for such assistance, the Defendant Officers never inquired about her injuries nor did they call for medical assistance for her.

40. They blatantly disregarded her needs, all in disregard and in violation of the Standards set by the New York State Department of Corrections to ensure the safe transport of pre-trial detainees in their custody.

41. MS. MOORE was then removed to another Prisoner Transport Vehicle with other detainees, including a suspect who was in custody for assaulting a female victim in Hempstead, NY. The van Ms. Moore was transferred to was operated by Defendant Officer Moody.

42. After being moved to another van with other detainees, including a male suspect who was in custody for assaulting a female victim, who the officers referred to as a "rapist" and were verbally abusive towards him and the other detainees, including Ms. Moore, Ms. Moore did not feel safe within the environment the Officers created, especially being placed into a vehicle with a potential rapist while being verbally abused by Defendant Officers.

43. Prior to the van taking off, Plaintiff requested to be strapped in with a seat belt as a safeguard for any other potential accidents as the one that had occurred only a few moments prior. Unfortunately, the Defendant officers again in disregard of Plaintiff's well-being and the safety standards set in place, ignored Ms. Moore's request.

44. Subsequently, as the van was traveling to East Meadow, Officer Moody slammed on the brakes causing Ms. Moore to be ejected and thrown from her seat to the floor of the vehicle with immense force, landing on her knees and wrists causing substantial serious injury to them.

45. Again in complete disregard and defiance of the standards set in place to ensure pre-trial detainees are safe, the Defendant officers never offered or asked if Plaintiff needed medical

assistance nor did the officers ensure she was alright.

46. Instead of providing medical assistance to plaintiff, Defendant Officers hurled insults and verbally abused Ms. Moore as she writhed in excruciating pain. Mustering the strength to make a plea to the officers, Ms. Moore asked to be taken to the hospital.

47. In reply, the Defendant officers refused to take Plaintiff to the hospital and upon information and belief, told her "we are not taking any of you to the hospital". Ms. Moore was never taken to the hospital, and was left to suffer in pain for an unbearable amount of time, until she was able to post bail later in the day.

48. Plaintiff posted bail and upon being released, Plaintiff went to Nassau University Medical Center where she was treated for the injuries she sustained due to the gross negligence of the Defendant officers, the Sheriff's Department, and the County of Nassau in failing to ensure Plaintiff's safe transport. Ms. Moore was treated for a fractured wrist among other injuries and a cast was placed on her left wrist for three (3) weeks. Plaintiff has a series of other injuries and is currently being treated for pain management.

49. As a result of the COUNTY OF NASSAU and the NASSAU COUNTY SHERIFF'S DEPARTMENT, their agents, employees, servants and assigns', affirmative actions and failures, including their failure to properly act and failure to follow certain laws, policies, procedures, directives, orders, and/or regulations, KENISHA MOORE was severely injured and made to suffer in pain for an extended period of time without medical assistance.

50. Plaintiff sustained severe bodily damage and injuries including but not limited to a fractured wrist, injury to her knees and physical pain. Plaintiff has suffered extreme mental and emotional harm, stress and distress and physical consequences thereof, shock, fright, sorrow, mental anguish, injury to feelings, pain and suffering, as well as expenses incurred, including but not limited to medical costs, pecuniary injuries, and other injuries not yet fully ascertained.

51. Plaintiff continues to suffer emotionally and physically. Ms. Moore's civil rights were violated, she suffered permanent and painful physical damages and injuries including but not limited to personal injuries to her body and mind, unnecessary and unwanted pain and suffering, permanent damage to reputation and standing in the community, humiliation, embarrassment, loss of comfort and peace. She has been and continues to suffer from personal, physical, and emotional damages and injuries caused by the actions of Defendants all of which affects her ability to function as she did before the incident.

## AS AND FOR A FIRST COUNT
## 42 U.S.C. §1983 - 14th AMENDMENT VIOLATION

52. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 51 of this complaint with the same force and effect as fully set forth herein.

53. Defendants COUNTY, NCSD, OFFICER MOODY, and "JOHN and JANE DOES 1-10", operating under color of state law subjected Plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983, thereby depriving Plaintiff of her rights, privileges and immunities secured by the Fourteenth Amendment to the United States Constitution, including without limitation, deprivation of her constitutional right to bodily integrity, freedom from unreasonable conditions of confinement, and freedom from the deliberate indifference and gross negligence to Plaintiff's serious medical condition and injuries.

54. Defendants COUNTY, NCSD, OFFICER MOODY, and "JOHN and JANE DOES 1-10", operating under color of state law, deprived Plaintiff of her Fourteenth Amendment rights, by purposefully refusing to provide the safeguards necessary for Plaintiff's safe transport when they ignored her requests to be secured in a seatbelt during transport, and then refused her right to receive

medical assistance upon being injured, and in doing so, Defendant OFFICERS MOODY and "JOHN and JANE DOES 1-10" caused serious injury to Plaintiff's person and well-being.

55. The failure of each of the individually named defendants to ensure that the Plaintiff, a Pre-trial Detainee, received prompt medical care after being seriously injured by the gross negligence of those whose job it was to ensure her reasonable safety and appropriate medical care, caused great agony and permanent physical and mental injury to Plaintiff.

56. The actions and inactions of Defendants COUNTY, NCSD, OFFICERS MOODY, and "JOHN and JANE DOE(S) 1-10" acting under color of state law, in failing to ensure that Plaintiff KENISHA MOORE received immediate emergency medical attention to address her fractured wrist, injured knee and other injuries sustained upon being forcefully ejected from her seat in the transport van when the vehicle made a sudden stop, because Defendant OFFICERS refused to strap Plaintiff in a seatbelt, further exacerbating her injuries, and thus violating her right to be secure in her person and her right to bodily integrity, as secured under the Fourteenth Amendment to the United States Constitution, and enforced by 42 U.S.C. Section 1983.

57. The actions of each individually named Defendant, as agents, employees, servants and assigns, of the COUNTY, acting under color of state of law, in failing to provide the Plaintiff with appropriate medical care for her injuries caused her to suffer extreme pain for the entire duration of the transport from Nassau 1st District Court to the Nassau County Correctional Center and continuing up to and including the time until Plaintiff was able to post bail. This prolonged agony exceeded more than several hours, and thus violated the Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S.C. § 1983, by failing to deal with an obvious severe and painful medical need.

58. As a direct and proximate result of the aforesaid unlawful and deliberately indifferent actions and omissions of each of the individually named Defendants, committed under color of law and under their authority as Nassau County Officers and employees of the COUNTY and the NCSD, Plaintiff suffered grievous bodily harm and was deprived of her right to be free from punishment, her right to due process of law, to bodily integrity, to her freedom from unreasonable conditions of confinement and freedom from deliberate indifference to Plaintiff's serious medical condition, as guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

59. As a direct and proximate result of the acts of Defendants COUNTY, NCSD, OFFICERS MOODY, and "JOHN and JANE DOES 1-10", Plaintiff was wrongfully deprived of appropriate medical care, causing her unnecessary pain and permanent damage, as well as great emotional injuries, great mental anguish, physical pain and suffering, and severe humiliation, degradation and trauma, and was otherwise harmed, damaged and injured by the deliberate indifference to the Plaintiff's apparent and stated medical needs.

60. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

**AS AND FOR A SECOND COUNT**
**<u>42 U.S.C. §1983 - FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE</u>**

61. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 60 of this complaint with the same force and effect as fully set forth herein.

62. Defendants COUNTY and NCSD, by and through their policymakers, created and maintained respective customs, policies and/or practices of failing to adequately train, supervise, and

discipline their employees and agents, including OFFICERS MOODY and "JOHN and JANE DOES 1-10", regarding the rights of Pre-trial Detainees' to be secure in their bodily integrity, to be safe in their persons, to due process of law, and in ensuring Pre-trial Detainees are provided with the reasonable and proper safeguards necessary for safe transport and to provide them with the necessary and appropriate medical when put on notice of medical needs.

63. The failure of Defendant Officers to operate the Prisoner Transport Vehicle in a safe and reasonable manner, according to standards set by the New York State Department of Corrections and a Reasonable Officer Standard, while transporting persons in their physical custody when on a public roadway, caused severe injury to Plaintiff, and thus occurred due to the deliberate and negligent hiring, training and supervision, by the COUNTY OF NASSAU and the NASSAU COUNTY SHERIFF'S DEPARTMENT, their agents, employees, servants and assigns.

64. Defendants COUNTY and NCSD had actual or constructive notice of their failures to train, supervise, and discipline their employees. This is because COUNTY and NCSD knew it was foreseeable that their Officers would confront situations requiring knowledge of Pre-trial Detainees' rights to bodily integrity, to be safe and secure in their persons, to due process of law, to be free from unreasonable and unlawful punishment, and ensuring Pre-trial Detainees are provided with the reasonable and proper safeguards necessary for safe transport, for reasonable conditions of confinement, and the right to medical attention once put on notice of medical needs, and that without the necessary training, supervision, and discipline, constitutional violations would result. Yet, COUNTY and NCSD chose not to provide such training, supervision and discipline.

65. Defendants COUNTY and SHERIFF'S DEPARTMENT'S failure to train, supervise, and discipline amounted to gross negligence, deliberate indifference, and/or intentional misconduct,

and encouraged and/or permitted the named and unnamed individual Defendants to engage in the conduct which proximately and directly caused Plaintiff's injuries and damages set forth above.

66. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. §1983 - MUNICIPAL LIABILITY**

67. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 66 of this complaint with the same force and effect as fully set forth herein.

68. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

69. The aforementioned customs, policies, usages, practices, procedures and rules of the COUNTY and NCSD included, but were not limited to, agents, employees, servants and/or assigns of the COUNTY and NCSD failing to report misconduct of other officers; failing to ensure Pre-trial Detainees are provided with the reasonable and proper safeguards necessary for safe transport and reasonable conditions of confinement; failing to provide medical attention to Pre-trial Detainees when put on notice of medical needs; and the failure to bring Pre-trial Detainees to a hospital when a request has been made.

70. In addition, the COUNTY and NCSD engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of Plaintiff KENISHA MOORE'S rights as described herein. As a result of the failure of the COUNTY and NCSD to properly recruit, screen, train, discipline, and supervise

its officers, including the individual Defendants, Defendant COUNTY and NCSD has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY and NCSD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff KENISHA MOORE.

72. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY and NCSD were the direct and proximate cause of the constitutional violations suffered by Plaintiff KENISHA MOORE, as alleged herein.

73. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the COUNTY and NCSD , Plaintiff KENISHA MOORE was subjected to undue pain and suffering for an extended period of time, extreme mental and emotional harm, stress and distress and physical consequences thereof, shock, fright, sorrow, mental anguish, injury to feelings, pain and suffering, as well as expenses incurred, including but not limited to medical costs, pecuniary injuries, and other injuries not yet fully ascertained.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff KENISHA MOORE'S constitutional rights.

75. All of the foregoing acts by Defendants deprived Plaintiff KENISHA MOORE of federally protected rights, including, but not limited to, the right:

a. To maintain one's bodily integrity;

b. To be provided with the proper safeguards while being transported as a Pre-trial Detainee to ensure safety of well-being;

c. To be provided with medical attention as a Pre-trial Detainee when a request is made;

d. To be free from undue pain and suffering caused by the gross negligence of a police officer; and

e. To be free from unreasonable conditions of confinement.

76. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedoms, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued and continues to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

77. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR A FOURTH COUNT
## NEW YORK STATE CONSTITUTIONAL VIOLATIONS SUPPLEMENTAL JURISDICTION

78. Plaintiff KENISHA MOORE repeats and re-alleges each and every allegation contained in paragraphs 1 through 77 of this complaint with the same force and effect as fully set forth herein.

79. Defendants COUNTY, SHERIFF'S DEPARTMENT, OFFICER MOODY, and "JOHN and JANE DOE(S) 1-10's" foregoing acts and omissions breached the protections guaranteed to Plaintiff by the New York State Constitution Article 1 §§ 11 and 12, including, without limitation, her following rights:

a. freedom from unreasonable seizure of her person, including unreasonable conditions of confinement;

b. freedom from punishment without due process of law;

c. freedom from the denial of equal protection, privileges and immunities under the law; and

d. freedom from the deliberate indifference to Plaintiff's serious medical condition.

80. That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION DOLLARS, as well as punitive damages, costs, and attorney's fees and any other relief this Court may find just and proper.

**AS AND FOR A FIFTH COUNT**
**GROSS NEGLIGENCE SUPPLEMENTAL JURISDICTION**

81. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 80 of this complaint with the same force and effect as fully set forth herein.

82. Defendants COUNTY, SHERIFF'S DEPARTMENT, OFFICER MOODY and "JOHN and JANE DOES 1-10", acting in their official and individual capacities as agents of the State of New York and/or the New York State Unified Court System, had duties pursuant to 42 U.S.C. § 1983, as well as under the Fourteenth Amendment, New York State Law, and the rules and regulations of the Unified Court System, to prevent and forbear from the wrongful causation of injuries, wrongful denial of medical treatment, and verbal abuse accompanied with physical injuries caused by gross negligence of Plaintiff, as well as a duty to investigate, supervise, train and discipline Defendants OFFICER MOODY and "JOHN and JANE DOES 1-10", and prevent other wrongful actions, which were committed with callous disregard for the well-being and safety of Plaintiff KENISHA MOORE.

83. In inflicting and failing to prevent the above stated abuses perpetrated against Plaintiff, all of the Defendants acted unreasonably, recklessly, wantonly, negligently and grossly negligent in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against violations of her right to bodily integrity, denial of equal protection as a Pre-trial Detainee from harm, and other due process violations when they intentionally and consciously chose not to secure her with a seatbelt in transporting her to NCC and then denying her medical attention when she was injured due to their acts and omissions. Said rights are guaranteed to the Plaintiff by 42 U.S.C. § 1983 and by the Fourteenth Amendment of the United States Constitution.

84. The breach of duty by Defendants COUNTY, NCSD, OFFICER MOODY and OFFICERS "JOHN and JANE DOES 1-10", was a direct cause, proximate cause, and a cause-in-fact of the harms suffered by Plaintiff KENISHA MOORE. Said harms include, but are not limited to, physical harm, pain and suffering which continues to this day, monetary expenses, lost wages and legal costs, personal humiliation, damage to reputation, and severe physical, and emotional damage, resulting in the need for surgery, pain management and regular medical treatment for the trauma which she incurred.

85. All of the above-stated injuries and damages incurred by Plaintiff as a direct result of the Defendants' actions were foreseeable and preventable by Defendants.

86. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

**AS AND FOR A SIXTH COUNT**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SUPPLEMENTAL JURISDICTION**

87. Plaintiff KENISHA MOORE repeats and re-alleges each and every allegation contained in paragraphs 1 through 86 of this complaint with the same force and effect as fully set forth herein.

88. Defendants COUNTY, NCSD, OFFICER MOODY, and OFFICERS "JOHN and JANE DOES 1-10", by their aforementioned acts did intentionally, willfully, and knowingly cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

89. Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

90. That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

**AS AND FOR A SIXTH COUNT**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS SUPPLEMENTAL JURISDICTION**

91. Plaintiff KENISHA MOORE repeats and re-alleges each and every allegation contained in paragraphs 1 through 90 of this complaint with the same force and effect as fully set forth herein.

92. Defendants, by their aforementioned acts, did negligently cause Plaintiff to suffer mental and emotional distress and pain and suffering, serious permanent and physical injuries.

93. That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION (5,000,000.00)DOLLARS, as well as

punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**AS AND FOR A SEVENTH COUNT**
**NEGLIGENCE SUPPLEMENTAL JURISDICTION**

94. Plaintiff KENISHA MOORE repeats and re-alleges each and every allegation contained in paragraphs 1 through 93 of this complaint with the same force and effect as fully set forth herein.

95. Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

a. failed to perform their duties as a reasonably prudent and careful law enforcement officer would have done under similar circumstances;

b. carelessly and recklessly transported Plaintiff without securing her in a seatbelt to ensure her safety;

c. carelessly and recklessly subjected Plaintiff to unreasonable conditions of confinement;

d. carelessly, recklessly and deliberately disregarded Plaintiff's need for medical care;

96. That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION (5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**AS AND FOR A EIGHTH COUNT**
**ASSAULT AND BATTERY SUPPLEMENTAL JURISDICTION**
**AGAINST OFFICER MOODY AND OFFICERS "JOHN AND JANE DOES 1-10"**

97. Plaintiff KENISHA MOORE repeats and re-alleges each and every allegation contained in paragraphs 1 through 96 of this complaint with the same force and effect as fully set forth herein.

98. Defendants, by their aforementioned acts and omissions wrongfully and intentionally caused Plaintiff to suffer offensive bodily contact when they failed to secure her in a seatbelt before transporting her to NCC causing her to be forcefully ejected from her seat and thrown about the transport vehicle and then consciously and willfully denying her medical care when they were notified of her injuries, thereby causing her to suffer physical and emotional injuries.

99. Defendants committed the foregoing acts intentionally, willfully and with malicious and deliberate disregard for Plaintiff's rights and are therefore liable for punitive damages.

100. That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION (5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**AS AND FOR A NINTH COUNT**
**RESPONDEAT SUPERIOR SUPPLEMENTAL JURISDICTION**
**AGAINST COUNTY OF NASSAU**

101. Plaintiff KENISHA MOORE repeats and re-alleges each and every allegation contained in paragraphs 1 through 100 of this complaint with the same force and effect as fully set forth herein.

102. Defendants COUNTY OF NASSAU is liable for the actions of individual Defendants OFFICER MOODY and OFFICERS "JOHN and JANE DOES 1-10" under the *Doctrine of Respondeat Superior*.

103. That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION (5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**WHEREFORE** Plaintiff demands judgment against Defendants as follows:

a. First Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

b. Second Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

c. Third Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

d. Fourth Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

e. Fifth Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

f. Sixth Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

g. Seventh Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

h. Eighth Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

I. Ninth Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

j. full and fair compensatory damages in an amount to be determined by a jury;

k. reasonable attorney's fees and costs and disbursements of this action pursuant to 42 U.S.C. § 1983;

l. pre-and post judgment interest;

m. declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by

federal and state law as alleged herein;

n. judgment declaring the actions and conduct of Defendants unconstitutional; and

o. award such other and further relief as this Court may deem appropriate

***A JURY TRIAL IS HEREBY DEMANDED***

Dated: Hempstead, New York
August 22, 2018

Respectfully submitted,

The LAW OFFICES OF
FREDERICK K. BREWINGTON

By: ______________________
TRICIA S. LINDSAY
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959