COURT'S
EXHIBIT NO. 5
IDENTIFICATION/EVIDENCE
DKT.# ______
DATE: ______
PENGAD 800-631-6989

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X

**KENISHA MOORE,**

**Plaintiff,**

**-against-**

**COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, SHERIFF'S OFFICER JEFFREY MOODY, shield # 2432, in his official and individual capacity and SHERIFF'S OFFICER JOANN ARENA, shield # 2701, in her official and individual capacity,**

**Defendants.**

---------------------------------------------------------------- X

**18-CV-4786 (ST)**

**JURY VERDICT SHEET**

**VERDICT SHEET**

**SECTION 1: LIABILITY**

**Claim One: Section 1983 Claim – Deliberate Indifference to Reasonable Safety:**

Question 1: Has the plaintiff, Kenisha Moore, proven by a preponderance of the credible evidence, that the following Correction Officers acted intentionally or recklessly in failing to timely provide her with necessary protections from conditions of confinement during their transport of Kenisha Moore to the Nassau County Correctional Center?

Joann Arena YES ________ NO ___X___

Jeffrey Moody YES ________ NO ___X___

*If you answered YES to any of the officers in question 1, proceed to question 2. If you answered NO to both of the officers in question 1, then proceed to question 4.*

Question 2: Has the plaintiff, Kenisha Moore, proven by a preponderance of the credible evidence, that the alleged conditions, either alone or in combination, posed an unreasonable risk of serious damage to her health?

Joann Arena YES ________ NO ________

Jeffrey Moody YES ________ NO ________

*If you answered YES to any of the officers in question 2, proceed to question 3. If you answered NO to both of the officers in question 2, then proceed to question 4.*

Question 3: Has the plaintiff, Kenisha Moore, proven by a preponderance of the credible evidence, that the alleged actions of the Correction Officers were a proximate cause of Kenisha Moore's alleged injuries to the left knee, right knee, and/or left wrist?

| | | |
|---|---|---|
| Joann Arena | YES ______ | NO ______ |
| Jeffrey Moody | YES ______ | NO ______ |

*If you answered YES to all of questions 1, 2, and 3 for a particular officer, you have found for the Plaintiff on her Section 1983 claim against that particular officer. Proceed to question 4.*

**Claim Two: New York State Constitutional Law Claim:**

Question 4: Do you find that Plaintiff has proven by a preponderance of the evidence that any Defendant violated her due process rights under the New York State Constitution and deprived Plaintiff of a New York State constitutional right in failing to timely provide her with necessary protections from conditions of confinement which posed an unreasonable risk to her health or safety on August 25, 2017, in violation of Kenisha Moore's New York State constitutional rights?

| | | |
|---|---|---|
| Joann Arena | YES ______ | NO __X__ |
| Jeffrey Moody | YES ______ | NO __X__ |
| Nassau County | YES ______ | NO __X__ |

*If you answered YES for any of the Defendants in question 4, you have found for the Plaintiff on her New York constitutional claim. Please proceed to Question 5.*

**Claim Three: New York State Law of Negligence:**

Question 5: Do you find that Plaintiff has proven by a preponderance of the evidence that any Defendant was negligent by failing to perform their duties as a reasonably prudent and careful law enforcement officer would have done under similar circumstances?

| | | |
|---|---|---|
| Joann Arena | YES ______ | NO __X__ |
| Jeffrey Moody | YES ______ | NO __X__ |
| Nassau County | YES ______ | NO __X__ |

*If you answered YES for any defendant, proceed to Question 6. If you answered NO to this Question for all defendants, proceed to Question 7.*

Question 6: Has the plaintiff, Kenisha Moore, proven by a preponderance of the credible evidence, that the injuries to the left knee, right knee, and/or left wrist, were reasonably foreseeable based upon

the alleged actions of the following Defendants?

| | | |
|---|---|---|
| Joann Arena | YES ______ | NO ______ |
| Jeffrey Moody | YES ______ | NO ______ |
| Nassau County | YES ______ | NO ______ |

*If you answered YES to both questions 5 and 6 for any defendant, you have found for the Plaintiff on her Negligence claim with respect to that defendant. Proceed to question 7.*

**Claim Four: New York State Law Gross Negligence:**

Question 7: Do you find that Plaintiff has proven by a preponderance of evidence that any Defendant was grossly negligent by failing to use even slight care, or conduct that is so careless as to show complete disregard for the rights and safety of Kenisha Moore?

| | | |
|---|---|---|
| Joann Arena | YES ______ | NO __X__ |
| Jeffrey Moody | YES ______ | NO __X__ |
| Nassau County | YES ______ | NO __X__ |

*If you answered YES to question 7 for any defendant, you have found for the Plaintiff on her Gross Negligence claim with respect to that Defendant. Please proceed to Question 8.*

**Claim Five: New York State Law Negligent Infliction of Emotional Distress:**

Question 8: Has the plaintiff, Kenisha Moore, proven by a preponderance of the credible evidence, her claim for Negligence?

YES ______ NO __X__

*If you answered YES to question 8, then proceed to question 9. If you answered NO to question 8, then proceed to question 10.*

Question 9: Has the plaintiff, Kenisha Moore, proven by a preponderance of the credible evidence, that the following Defendants' negligence unreasonably endangered Kenisha Moore's physical safety or caused Kenisha Moore to fear for her own safety?

| | | |
|---|---|---|
| Joann Arena | YES ______ | NO ______ |
| Jeffrey Moody | YES ______ | NO ______ |
| Nassau County | YES ______ | NO ______ |

*If you answered YES to both question 8 and question 9, you have found for the Plaintiff on her negligent infliction of emotional distress claim with respect to any defendant for whom you answered*

*YES in question 9. Proceed to question 10.*

**Claim Six: New York State Law Battery:**

Question 10: Do you find that Plaintiff has proven by a preponderance of evidence that any Defendant committed a battery against her?

| | | |
|---|---|---|
| Joann Arena | YES ________ | NO __X__ |
| Jeffrey Moody | YES ________ | NO __X__ |
| Nassau County | YES ________ | NO __X__ |

*If you answered YES to question 10 for any defendant, you have found for the Plaintiff on her battery claim with respect to that Defendant.*

*If you have found for the Plaintiff on ANY of claims 1, 2, 3, 4, 5, or 6, proceed to Question 11. If you have found for Defendants on ALL of claims 1, 2, 3, 4, 5, and 6, please proceed to the end of the Verdict Form and have the Foreperson sign it.*

**SECTION 2: DAMAGES**

Question 11: If you found for the Plaintiff on liability for any of the claims in Section 1, do you find that Plaintiff has proven by a preponderance of the credible evidence that she suffered any actual injuries?

YES __________ NO ___________

*If YES, proceed to Compensatory Damages. If NO, then you may award Nominal Damages only.*

**Compensatory Damages:**

Question 12: What amount of damages has plaintiff established that Kenisha Moore sustained as a result of one or more of the defendants' conduct?

$________________ physical injuries

$________________ conscious pain and suffering

$________________ mental suffering, emotional distress and psychological injury damages

$________________ accumulated medical costs and expenses

*Please proceed to Question 13.*

**Punitive Damages Against Individual Defendants:**

Question 13: In addition to any compensatory damages you have awarded plaintiff, do you find that

either or both of the defendants should pay punitive damages due to their malicious or wanton conduct? If so, please state the amount.

| | | | |
|---|---|---|---|
| Joann Arena | YES ________ | NO ________ | $______________ |
| Jeffrey Moody | YES ________ | NO ________ | $______________ |

*You have completed your deliberations. The Foreperson should date and sign below. Then you should advise the Court that you have completed your deliberations.*

Dated: Central Islip, New York

February 14, 2024

Signed: ______________________
Foreperson